UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61599-CIV-WILLIAMS

LUZ MARINA ANSELMI,

    Plaintiff,

vs.

SHENDELL & ASSOCIATES, P.A.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (DE 10), to which Plaintiff filed a Response (DE 15), and Defendant filed a Reply (DE 19). On September 4, 2014, the Court notified the parties of the Court's intention to convert Defendant's Motion to Dismiss (DE 10) into a Motion for Summary Judgment. On September 23, 2014, the Court formally entered an Order converting the Motion to Dismiss into a Motion for Summary Judgment and gave the parties 10 days to submit any additional evidence or argument in support or opposition to the merits. Thereafter, Defendant filed supplemental briefing on the Motion for Summary Judgment (DE 31, DE 32), and Plaintiff filed a Response in Opposition to the Motion for Summary Judgment (DE 33). For the reasons set forth below, Defendant's Motion for Summary Judgment (DE 10) is **GRANTED IN PART.**

### I.    Background

The undisputed facts are as follows. Plaintiff Luz Marina Anselmi filed this Complaint against Defendant Shendell & Associates, P.A. alleging that Defendant, a

debt collector, sought to collect from Plaintiff money owed to Plaintiff's condominium association, the Fairways at Bonaventure Condominium Association, Inc. ("Fairways") (DE 1 ¶ 13). On August 23, 2011, Defendant sent its initial collection letter (the "Collection Letter") to Plaintiff (DE 1 ¶¶ 15-17, Ex. A). Plaintiff alleges that the Collection Letter contained a "hodge-podge of information about how much the debt [owed] is" such that Plaintiff "could not readily identify how much [s]he owed the condominium association." (DE 1 ¶ 17). Plaintiff also alleges that Defendant sought to collect improper amounts that were not due, such as administrative fees (DE 1 ¶ 18). Plaintiff has asserted a single count under the Federal Debt Collection Practices Act ("FDCPA"), 15. U.S.C. § 1692, alleging that Defendant failed to specify the amount of debt in its initial communication, misrepresented the amount of debt owed, and unfairly attempted to collect more than Plaintiff owed.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information,

affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Finally, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a sufficient showing to establish the existence of an element essential to [his] case, and on which [he] will bear the burden at trial." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Thus, "[i]f the non-movant . . . fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

### III. ANALYSIS

Plaintiff contends that Defendant violated three provisions of the FDCPA: (1) 15 U.S.C. § 1692g(a) by failing to specify the amount of the debt in initial communication; (2) 15 U.S.C. § 1692e by misrepresenting the amount of debt Plaintiff owed; and (3) 15 U.S.C. § 1692f by attempting to collect more than Plaintiff owed.

To prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). The Court employs the "least sophisticated consumer" standard to evaluate whether a debt collector's communication violates the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The least sophisticated consumer standard is an objective standard which prevents liability for bizarre or idiosyncratic interpretations of collection notices. *Id.* While "protecting naïve consumers," the standard presumes that a consumer possesses "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotations omitted) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993)). The least sophisticated consumer "is neither irrational nor a dolt." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 95 (2d Cir. 2012).

Accordingly, the Court "must examine each communication as a whole, and not by looking to each sentence individually" because "even the least sophisticated debtor is bound to read collection notices in their entirety." *DeCapri v. Law Offices of Shaprio Brown & Alt, LLP*, 3:14CV201-HEH, 2014 WL 4699591 at *4 (E.D. Va. Sept. 19, 2014); *In re Martinez*, 266 B.R. 523, 532 (Bankr. S.D. Fla. 2001) *aff'd*, 311 F.3d 1272 (11th Cir. 2002) ("[A]lthough the applicable standard is that of a consumer with a minimum level of sophistication, it assumes that a [collection letter] is read in its entirety, carefully and with some elementary level of understanding.").

4

### 1. The Collection Letter Specifies The Amount Of The Debt Owed

Plaintiff alleges that Defendant violated Section 1692g(a) of the FDCPA which requires that a debt collector provide the consumer with written notice containing, among other things, the amount of the debt. 15 U.S.C. § 1692g(a). A debt collector is also required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis. *See, e.g., Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000); *Smith v. Lyons, Doughty & Veldhuis, P.C.*, 2008 U.S. Dist. LEXIS 56725 at 17-18 (D. N.J. 2008) (debt collector has obligation under 1692g(a) to acknowledge that the amount necessary to fully pay the debt may vary as a result of continually accruing interest, fees, and charges). In addition, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including a false representation as to the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e.

A collection letter "must state the amount of the debt 'clearly enough that the recipient is likely to understand it.'" *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 677-78 (7th Cir. 2007) (quoting *Chuway v. Nat'l Action Fin. Servs. Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). Merely including the information required under 15 U.S.C. § 1692g(a) is insufficient; the notice must be set forth in a form and written context that does not distort or obfuscate its meaning. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012); *see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (stating the required notice must be "conveyed effectively to the debtor").

To ensure FDCPA compliance, the Court applies the least sophisticated consumer standard to determine whether the letter causes any confusion or misunderstanding. *Williams*, 505 F.3d at 677-78. The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. § 1692g(a). *See Miller*, 214 F.3d at 876. With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number]."

*Id.* at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating Section 1692g(a). *Id.*

Plaintiff contends that the Collection Letter contained "a hodge-podge of information about how much the debt is, so that Anselmi could not readily identify how much he [sic] owed the condominium association." (DE 1 ¶ 17.) Specifically, Plaintiff takes issue with the following language from the Collection Letter:

> We understand that you currently owe the Association unpaid maintenance assessments, costs and attorneys' fees as follows:
>
> | | |
> |---|---|
> | Balance of Monthly Maintenance Assessment due 7/1/11 @ $336.00 | $232.00 |
> | Monthly Maintenance Assessment due 8/1/11 @ $336.00 | $226.00 |
> | Late Fee on Monthly Maintenance Assessments due 7/1/11 and 8/1/11 @ $25.00 | $50.00 |

| | |
|---|---|
| Insufficient Funds Charge | $20.00 |
| Administrative Fees | $50.00 |
| Interest @ 15% | $10 |
| Attorneys' fees | $225.00 |
| Costs | $6.03 |
| TOTAL DUE | $929.03 |

On September 1, 2011, a Monthly Maintenance Assessment in the amount of $336.00 will be due. Additionally, on September 11, 2011, a $25.00 late fee on the September 2011 Monthly Assessment and an interest charge in the amount of $11.30 will be due bringing the total to $1301.33.

Please obtain a cashier's check or money order in the amount of **$1,301.33** and mail to us so that we receive it within thirty (30) days from the receipt of this letter. If we receive your cashier's check prior to September 1, 2011, you may deduct $336.00 for the September 2011 Monthly Assessment. If we receive your cashier's check prior to September 11, 2011, you may deduct the $25.00 late fee on the September Monthly Assessment and the $11.30 September interest charge.

(DE 1, Ex. A).

Plaintiff argues that the least sophisticated consumer would "have to guess" whether the amount owed is $929.03 or $1,301.33 and that the Collection Letter "failed to inform Anselmi effectively of the 'amount of the debt' which Shendell was attempting to collect from her" (DE 15 at 6-7). Defendant counters that the Collection Letter accurately and specifically sets forth the amount of the debt owed to Fairways, including all interest and other costs (DE 19 at 2, 5-7). Defendant also points out that under the FDCPA, Defendant was required to identify additional amounts that would become due thirty days from the date of the letter and that failure to do so could subject Defendant to liability under the FDCPA (DE 19 at 7). Defendant argues that the least sophisticated

consumer, reading the notice with care, would be fully informed and not misled as to the amount of the debt owed. The Court agrees.

The Collection Letter clearly states that the amount "currently" owed is $929.03 and provides an itemized breakdown of the debt (DE 1, Ex. A). The use of the term "currently" makes clear that the amount owed by the debtor at the time the letter was sent was $929.03. *See Williams*, 505 F.3d at 679-80 (discussing the use of the present tense in a collection letter and finding that "[t]he common sense reading of the letter is that the balance is accurate as of the date the letter is written, but that the amount due will increase because of interest that is accruing daily."). The Collection Letter then informs the reader that as of specific dates, additional costs will accrue, bringing the total owed to $1,301.33. (DE 1, Ex. A.) The letter further explains that if a check is received prior to those dates, those additional costs will not be incurred and may be deducted from the check to be sent. The Court finds that the least sophisticated consumer, reading the Collection Letter in its entirety and with some care, would be informed of her payment obligations and would understand that the amount of the debt owed prior to September 1, 2011 was $929.03, but that additional sums would be incurred in the future.

Accordingly, the Court concludes that the Collection Letter did not violate 15 U.S.C. § 1692g(a) because it specified the amount of the debt owed and that the Collection Letter did not misrepresent the amount of the debt in violation of 15 U.S.C. § 1692e. As such, Defendant is entitled to summary judgment.

### 2. Additional Discovery Is Necessary To Determine Whether The Administrative Fees Charged Were Permissible

As discussed above, section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including a false representation as to the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e. Likewise, Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including the collection of "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f.[1]

Plaintiff contends that Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by impermissibly attempting to collect $50.00 in administrative fees which, according to Plaintiff, were not expressly authorized by the agreement creating the debt (DE 15 at 7-9; DE 33).[2]  Plaintiff does not dispute "the general proposition that

---

[1] Courts have not permitted claims to go forward under 15 U.S.C. § 1692f if the claim does not identify any misconduct beyond that which plaintiff asserts violated other provisions of the FDCPA. See Thomas v. Loomis-Therrien, 5:14-CV-00979-CAS, 2014 WL 5335913 (C.D. Cal. Oct. 20, 2014); see also Lautman v. 2800 Coyle St. Owners Corp., 14-CV-1868 ARR VVP, 2014 WL 4843947 (E.D.N.Y. Sept. 26, 2014) ("Section 1692f was enacted specifically to catch conduct not otherwise covered by FDCPA."). Accordingly, "to the extent that plaintiff's claims under § 1692f rely on the same alleged litigation misconduct raised under § 1692e, those claims must be dismissed." Lautman, 2014 WL 4843947. As explained below, the Court will permit limited discovery in this matter. However, plaintiff is advised that to the extent her 15 U.S.C. § 1692e claim is based on the same conduct as her 15 U.S.C. § 1692f claim, her 15 U.S.C. § 1692f claim is subject to dismissal.

[2] In Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff argues that Defendant violated the FDCPA by attempting to prematurely collect a late fee (DE 17 at 7-9). Plaintiff does not address this argument in her supplemental briefing on the motion for summary judgment. Regardless, the Court concludes that Defendant did not

9

Anslemi's condominium association had the right to recover from her its costs resulting from the collection of her delinquent maintenance assessments, along with attorneys' fees, interest, late fees, and insufficient fund charges" (DE 33 at 1). Plaintiff argues that Defendant has not identified any governing documents "which allowed it or the condominium association to impose the $50 administrative" (DE 33 at 2). Further, Plaintiff suggests that because the Collection Letter already listed costs in the amount of $6.03, the administrative fees "must be something else other than costs," and that viewed from the perspective of the least sophisticated consumer, "the listing of those $50 under a separate line entry would thus mislead such a consumer to conclude the contrary, *i.e.*, that they were **not** costs." (DE 33 at 2.) Plaintiff contends that she should be permitted to take discovery regarding the nature of the administrative fees (DE 33 at 4). Defendant counters that the administrative fees were provided for under the condominium declaration and condominium bylaws (DE 31).

The Court concludes that very limited discovery relating to the provenance of the administrative fees would aid the Court in resolving this matter. Plaintiff has indicated that she "would like to take the deposition of the entities Shendell claims had the right to collect those fees, *i.e.*, Fairways at Bonaventure Condominium Association and its management company, West Broward Community Management." (DE 33 at 3). Accordingly, the parties shall have until **December 1, 2014** to conduct a Rule 30(b)(6)

---

attempt to prematurely collect a late fee. The Collection Letter clearly states that a late fee will become due and owing on September 11, 2011. The Collection Letter further states that if a check is received prior to September 11, 2011, Plaintiff "may deduct the $25.00 late fee on the September Monthly Assessment." (DE 1, Ex. A.) In light of this plain language, the Court concludes that Defendant did not prematurely attempt to collect a late fee.

deposition from a representative of either Fairways at Bonaventure Condominium Association or West Broward Community Management. No extensions will be granted. On or before **December 15, 2014,** the parties shall submit supplemental briefing, not to exceed 5 pages, relating to whether the administrative fees were expressly permitted by the agreements creating the debt or by law.

For the foregoing reasons, Defendant's Motion for Summary Judgment (DE 10) is **GRANTED IN PART.** Plaintiff's claim that the Collection Letter failed to specify the amount of the debt owed, or was misleading in that regard, is **DISMISSED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 28 day of October 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE